UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ACCENTRA, INC., a New Jersey corporation; and WORKTOOLS, INC., a California corporation, | Case No. CV-10-01164 DSF (Ex) |
| Plaintiffs and Counterclaim Defendants | [~~PROPOSED~~] STIPULATED PROTECTIVE ORDER |
| vs. | Action Filed:   February 18, 2010 Judge:            Hon. John A. Kronstadt |
| ACCO BRANDS CORPORATION, a Delaware corporation; and ACCO BRANDS USA LLC, a Delaware corporation; and DOES 1-10, Inclusive, | |
| Defendants and Counterclaim Plaintiffs | |

Upon consideration of the parties' Joint Stipulation for Entry of a Protective Order, and good cause appearing,

IT IS HEREBY ORDERED that:

It is the intent of the parties and the Court that confidential materials will not be designated as protected information for tactical reasons in this case and that nothing be so designated without a good faith belief that there is good cause why it should not be part of the public record of this case.  Confidential information that the parties may

1

[PROPOSED] ORDER

PHI 2728497v6 08/16/11

1   seek to protect from unrestricted or unprotected disclosure include:

2     (1) Information qualifying as trade secrets pursuant to the Uniform Trade
3   Secrets Act;

4     (2) Opinions of counsel regarding the patents and/or accused products that
5   are the subject of this litigation to which a Disclosing Party has waived the attorney-
6   client privilege;

7     (3) Proprietary product development information including information on
8   prototype stapler designs;

9     (4) Information regarding manufacturing;

10    (5) Business plans, forecasts and strategic planning for the
11  commercialization of stapler products;

12    (6) Confidential financial information regarding costs, sales, profits and
13  proprietary methods of calculating sales and profits; and

14    (7) Competitive market and industry research regarding stapler products.

15    Unrestricted or unprotected disclosure of such confidential technical,
16  commercial, or personal information would result in prejudice or harm to the
17  disclosing party by revealing the disclosing party's competitive confidential
18  information, which has been developed at the expense of the disclosing party and
19  which represents valuable tangible and intangible assets of that party.  Accordingly,
20  the parties respectfully submit that there is good cause for the entry of this Protective
21  Order.

22    The parties agree, subject to the Court's approval, that the following terms and
23  conditions shall apply to this civil action:

24    1. For purposes of this Protective Order, the following definitions shall
25  apply:

26    (a) The term "Document" shall have the full meaning ascribed to it by
27  the Federal Rules of Civil Procedure and shall include without limitation any records,

28

2

[PROPOSED] ORDER

1  exhibits, reports, samples, transcripts, video or audio recordings, affidavits, briefs,

2  summaries, notes, abstracts, drawings, company records and reports, answers to

3  interrogatories, responses to requests for admissions, or motions, including copies or

4  computer-stored versions of any of the foregoing.

5     (b) The term "Disclosing Party" is defined herein as any person,

6  including persons who are not a party to this action, who is requested to produce or

7  produces documents or testimony containing HIGHLY CONFIDENTIAL

8  INFORMATION.

9     (c) The term "Receiving Party" is defined herein as any person who

10  receives the  HIGHLY CONFIDENTIAL INFORMATION of a Disclosing Party.

11     (d) The term "HIGHLY CONFIDENTIAL INFORMATION" is

12  defined herein as information that has not been made public, the disclosure of which

13  the Disclosing Party contends would reasonably be expected to cause harm to the

14  business operations of the Disclosing Party or provide improper advantage to others.

15  HIGHLY CONFIDENTIAL INFORMATION shall not include (i) advertising

16  materials, (ii) materials that on their face show that they have been published to the

17  general public, or (iii) documents that have been submitted to any governmental entity

18  without request for confidential treatment.  The term "HIGHLY CONFIDENTIAL

19  INFORMATION" is also defined herein to include all video and audio copies

20  including any portion of any deposition so designated as HIGHLY CONFIDENTIAL

21  INFORMATION. HIGHLY CONFIDENTIAL INFORMATION includes, but is not

22  limited to, detailed sales and profit information; detailed future business plans;

23  information that qualifies as trade secrets within the meaning of the Uniform Trade

24  Secrets Act; and other information with a similar degree of confidentiality and value

25  to the Disclosing Party.  The term "HIGHLY CONFIDENTIAL INFORMATION" is

26  also defined herein to include all video and audio copies including any portion of any

27  deposition so designated as HIGHLY CONFIDENTIAL INFORMATION.

28

[PROPOSED] ORDER

1    (e)    "Outside Service Organization" is defined herein as an individual
2  or organization that provides photocopying, document processing, translation,
3  graphics services, or trial support to Outside Counsel as part of discovery or
4  preparation and trial of this action.

5    (f)    "Support Staff" is defined herein as permanent employees of
6  Outside Counsel and Expert(s) for the parties, and includes paralegals, clerical
7  personnel, and secretarial personnel.

8    (g)    "Outside Counsel" shall mean attorneys who are admitted to the
9  practice of law in the United States, who subject themselves to the jurisdiction of the
10  United States District Court for the Central District of California (Western Division),
11  and who are employed by, partners of, or of counsel to, outside law firms retained by
12  each party for the purpose of acting as litigation counsel in connection with the above-
13  captioned proceeding.  "Outside Counsel" shall not include persons engaged or
14  retained by or on behalf of any party as an expert witness.

15    (h)    "Expert(s)" shall include any person(s) not presently employed by
16  any party or its Outside Counsel who are retained or sought to be retained by or on
17  behalf of a party to advise and assist in the preparation, presentation, and/or settlement
18  of the party's case (including trial consultants and the like) in the above-captioned
19  proceeding.

20    (i)    "Designated In-House Counsel" shall mean in-house counsel
21  designated on behalf of each party to view HIGHLY CONFIDENTIAL
22  INFORMATION, as set forth below.  Each party to this action may designate one in-
23  house attorney as "Designated In-House Counsel" who may have access to HIGHLY
24  CONFIDENTIAL INFORMATION.  Before disclosing HIGHLY CONFIDENTIAL
25  INFORMATION to Designated In-House Counsel, the party designating such in-
26  house counsel shall provide to the other parties to this action notice that includes a
27  copy of the Undertaking in the form attached hereto as Exhibit A signed by each

28

4

[PROPOSED] ORDER

1  Designated In-House Counsel.  The Designated In-House Counsel for Defendants

2  ACCO Brands Corporation and ACCO Brands USA LLC shall be Michael Ward,

3  Esq.  At this time, Plaintiffs Accentra, Inc. and WorkTools, Inc. are not designating a

4  Designated In-House Counsel, but reserve the right to do so in the future, subject to

5  objection by Defendants in accordance with the provisions of paragraph 8 below

6  pertaining to the disclosure of HIGHLY CONFIDENTIAL INFORMATION to

7  Experts.

8      2.    If, in the course of this litigation, a party undertakes or is caused to

9  disclose what the Disclosing Party contends is HIGHLY CONFIDENTIAL

10  INFORMATION, the procedures set forth herein shall be employed and the disclosure

11  thereof shall be subject to this Protective Order.  HIGHLY CONFIDENTIAL

12  INFORMATION shall be used solely in connection with the preparation for and/or

13  trial of the above-captioned action.

14      3.    Any document that contains HIGHLY CONFIDENTIAL

15  INFORMATION should be so designated by the Disclosing Party at the time of

16  disclosure by placing the notation "HIGHLY CONFIDENTIAL" on every page of

17  each document so designated. In the case of HIGHLY CONFIDENTIAL

18  INFORMATION disclosed in a non-paper medium (e.g., videotape, audiotape,

19  computer disks, etc.), the notation "HIGHLY CONFIDENTIAL" or the like notation

20  should be placed on the medium, if possible, and its container, if any, so as to clearly

21  give notice of the designation.  Such designation is deemed to apply to the document

22  itself and to the HIGHLY CONFIDENTIAL INFORMATION contained therein.  If

23  any items produced in a non-paper medium are printed out by the Receiving Party, the

24  Receiving Party must mark each page of the printed version with the confidentiality

25  designation.  The fact that any document, thing, or information has been designated

26  "HIGHLY CONFIDENTIAL" may be relied upon by a party only to enforce the

27  terms of this Protective Order.

28

[PROPOSED] ORDER

PHI 2728497v6 08/16/11

4.      Access to HIGHLY CONFIDENTIAL INFORMATION shall be limited to the following individuals:  (a) Outside Counsel of record in this action, and their Support Staff and Outside Service Organizations; (b) Designated In-House Counsel; (c) court reporters taking testimony and their support personnel; (d) the Court and any authorized Court personnel; and (e) Experts who are designated by each party pursuant to paragraph 8 below, and their Support Staff.

5.      The failure to designate HIGHLY CONFIDENTIAL INFORMATION as "HIGHLY CONFIDENTIAL" before or at the time of disclosure shall not operate as a waiver of a Disclosing Party's right to designate said information as "HIGHLY CONFIDENTIAL."  In the event that HIGHLY CONFIDENTIAL INFORMATION is designated as "HIGHLY CONFIDENTIAL" after disclosure, a Receiving Party shall employ reasonable efforts to ensure that all such information is subsequently treated as HIGHLY CONFIDENTIAL INFORMATION.  Disclosure of such HIGHLY CONFIDENTIAL INFORMATION to persons not authorized to receive such information before receipt of the confidentiality designation shall not be deemed a violation of this Protective Order.  However, in the event the HIGHLY CONFIDENTIAL INFORMATION has been distributed in a manner inconsistent with the designation, a Receiving Party will take the steps necessary to conform distribution to the designation: i.e., returning all copies of the confidential document or information, or notes or extracts thereof, to the persons authorized to possess such documents or information.  In the event distribution has occurred to a person not under the control of a Receiving Party, a request for return of the document or information, and for an undertaking of confidentiality, shall be made in writing. In the event the request is not promptly agreed to in writing, or in the event there is no response, or in the event that the party deems the making of the request to be a futile act, the party shall promptly notify the Disclosing Party of the distribution and all

6

[PROPOSED] ORDER

1  pertinent facts concerning it, including the identity of the person or entity not under

2  the control of the Receiving Party.

3      6.      In no event shall any HIGHLY CONFIDENTIAL INFORMATION be

4  stored, electronically or otherwise, at any business premises of any party to this action,

5  including computer hard drives and servers, with the following exception. Designated

6  In-House Counsel may store HIGHLY CONFIDENTIAL INFORMATION in

7  electronic form at the business premises of the relevant party, provided the HIGHLY

8  CONFIDENTIAL INFORMATION is stored only on removable electronic media

9  such as DVDs, CDs, or flash (thumb) drives, and appropriate provisions are

10  maintained to secure the media and prevent access thereto by anyone other than the

11  Designated In-House Counsel. HIGHLY CONFIDENTIAL INFORMATION shall

12  not be transmitted to the Designated In-House counsel via e-mail or any other .

13  electronic means.

14      7.      Any person who receives any document or information of the Disclosing

15  Party designated as "HIGHLY CONFIDENTIAL" shall not prosecute or prepare any

16  patent application on behalf of the Receiving Party in the field of staplers from the

17  time of receipt of such document or information by that person through and including

18  one (1) year following the entry of a final non-appealable judgment or order or the

19  complete settlement of all claims against all parties in this action ("Bar Date"). In

20  addition, any person subject to the patent prosecution bar set forth in this paragraph

21  shall not have any substantive involvement in the prosecution of any such applications

22  filed, or claiming priority from any such application filed, prior to the Bar Date.

23      8.      Each Expert to whom the Receiving Party wants to disclose documents

24  or information designated by the Disclosing Party as "HIGHLY CONFIDENTIAL"

25  under the terms of this Protective Order must first sign an Undertaking in the form

26  attached hereto as Exhibit A.

27

28

[PROPOSED] ORDER

PHI 2728497v6 08/16/11

    (a)    A copy of each executed Undertaking shall be delivered to counsel for the Disclosing Party prior to the disclosure of any HIGHLY CONFIDENTIAL INFORMATION to such Expert.  An up-to-date curriculum vitae of each Expert, including an identification of any past or present business relationships or affiliations with any party to this action, shall be delivered to opposing counsel along with the Expert's Undertaking.

    (b)    Within ten (10) business days of delivery of the above information to opposing counsel by overnight delivery, facsimile or electronic mail, the other party may object to disclosure of its HIGHLY CONFIDENTIAL INFORMATION to the proposed Expert.  An objection to a proposed Expert may only be made when the objecting party believes in good faith that good cause exists for the objection.

    (c)    If objection to disclosure is made within the time specified, the parties shall meet and confer within five (5) business days of such objection and, if not resolved, the party seeking to oppose disclosure of HIGHLY CONFIDENTIAL INFORMATION to such Expert may seek an Order within ten (10) business days after the meet and confer preventing the Expert from having access to the material;

    (d)    Where objection is made, no such HIGHLY CONFIDENTIAL INFORMATION shall be disclosed to such Expert until the day after the last day to file a motion seeking an Order preventing the Expert from having access to the material (where no such order is sought), or upon entry of the Court's order denying the party's motion.

    (e)    Failure to object to an Expert shall not preclude the non-objecting party from later objecting to continued access by that person for good cause.  Good cause shall be limited to: violation of the Protective Order; material misrepresentations in the Expert's CV calling into question the propriety of permitting the Expert continued access to HIGHLY CONFIDENTIAL INFORMATION; material changes in the relationship between the Expert and the retaining party calling

8

[PROPOSED] ORDER

1   into question the propriety of permitting the Expert continued access to HIGHLY

2   CONFIDENTIAL INFORMATION; newly available material information about the

3   relationship between the Expert and the retaining party calling into question the

4   propriety of permitting the Expert continued access to HIGHLY CONFIDENTIAL

5   INFORMATION; and any other extraordinary circumstances calling into question the

6   propriety of permitting the Expert continued access to HIGHLY CONFIDENTIAL

7   INFORMATION.  If an objection is made, the parties shall meet and confer within

8   five (5) business days; and, if the parties cannot resolve the dispute, the party seeking

9   to prevent HIGHLY CONFIDENTIAL INFORMATION from being disclosed to the

10  Expert may seek an Order denying the Expert access to the material within ten (10)

11  business days after the meet and confer.  Such Expert may continue to have access to

12  HIGHLY CONFIDENTIAL INFORMATION that was provided to him or her prior to

13  the date of the objection, unless otherwise ordered by the Court.  However, no further

14  HIGHLY CONFIDENTIAL INFORMATION shall be disclosed to him or her until

15  the matter is resolved by the Court or the Disclosing Party withdraws its objection.

16  Notwithstanding the foregoing, if the Disclosing Party fails to move for a protective

17  order within ten (10) business days after the meet and confer, further HIGHLY

18  CONFIDENTIAL INFORMATION may thereafter be provided to the Expert.

19       9.       HIGHLY CONFIDENTIAL INFORMATION or the substance or

20  context thereof, including any notes, memoranda or other similar documents relating

21  thereto, shall not be disclosed or summarized, either in writing or orally, to anyone

22  other than persons permitted to have access to such information under this Protective

23  Order.  Notwithstanding the foregoing, nothing in this Protective Order shall bar or

24  otherwise restrict any attorney from rendering advice to a party-client or, in the course

25  thereof, relying upon his or her knowledge of HIGHLY CONFIDENTIAL

26  INFORMATION received or exchanged; provided however, that in rendering such

27  advice the attorney shall not disclose any HIGHLY CONFIDENTIAL

28

PH1 2728497v6 08/16/11

1 INFORMATION received from another party or third party to anyone not authorized
2 to receive such information pursuant to the terms of this Protective Order.
3 Furthermore, nothing in this Protective Order prevents any Outside Counsel from
4 advising his or her clients regarding general strategy so long as the Outside Counsel
5 does not disclose the contents of any HIGHLY CONFIDENTIAL INFORMATION in
6 a manner contrary to the terms of this Protective Order.

7     10.    Nothing herein is intended to prevent showing a document or information
8 designated as "HIGHLY CONFIDENTIAL" to a person who the document or
9 information indicates is an author or authorized recipient of the document or
10 information.  No copies of such document or information shall be given to such
11 individuals for them to retain.  During deposition or trial testimony, counsel may
12 disclose documents or information produced by the Disclosing Party to its current
13 employees, officers or agents of the Disclosing Party, or to any person who counsel
14 has a good-faith basis to believe has prior knowledge of the information, or of the
15 information contained in the document.

16     11.    A Disclosing Party will use reasonable efforts to avoid designating, or to
17 de-designate in a reasonable time after request, any document or information as
18 "HIGHLY CONFIDENTIAL" that is not entitled to such designation or that is
19 generally available to the public.

20     12.    Any Receiving Party disagreeing with the designation of any document
21 or information as "HIGHLY CONFIDENTIAL" shall notify the Disclosing Party in
22 writing.  The Disclosing Party shall, within twenty (20) business days from the date of
23 receipt of such notice:  (1) advise the Receiving Party whether or not the Disclosing
24 Party persists in such designation; and (2) if the Disclosing Party persists in the
25 designation, to explain the reasons for the particular designation.  The Receiving Party
26 may then, after advising the Disclosing Party, move the Court for an order removing
27 the particular designation and replacing it with a different designation or no

28

[PROPOSED] ORDER

1  designation.  The party asserting that the document or information is "HIGHLY

2  CONFIDENTIAL" shall have the burden of proving that the designation is proper.

3  Any document or information designated "HIGHLY CONFIDENTIAL" by a

4  Disclosing Party shall be treated as such by a Receiving Party unless otherwise agreed

5  to by the parties or otherwise ordered by the Court.

6      13.   The failure of a Receiving Party to expressly challenge a claim of

7  confidentiality or the designation of any document or information as "HIGHLY

8  CONFIDENTIAL" at the time of disclosure shall not constitute a waiver of the right

9  to assert at any subsequent time that the same is not in fact confidential or not an

10  appropriate designation for any reason.

11      14.   If during the course of any deposition, or not later than fourteen (14) days

12  after the receipt of a written transcript of such deposition, counsel for any Disclosing

13  Party asserts (either on the record at the deposition or in writing after the deposition)

14  that the deposition transcript, or any specific inquiry, or an answer to a specific

15  inquiry is subject to the designation "HIGHLY CONFIDENTIAL," that transcript,

16  inquiry, or answer shall be treated as provided by this Protective Order for documents

17  and information designated "HIGHLY CONFIDENTIAL".

18      15.   Counsel for any Disclosing Party shall have the right to exclude from oral

19  depositions, other than the deponent, deponent's counsel, the court reporter, and

20  videographer (if any), any person who is not authorized by this Protective Order to

21  receive documents or information designated "HIGHLY CONFIDENTIAL."  Such

22  right of exclusion shall be applicable only during periods of examination or testimony

23  directed to or comprising HIGHLY CONFIDENTIAL INFORMATION.

24      16.   Any court reporter or videographer who records testimony in this action

25  at a deposition shall be provided with a copy of this Protective Order by the party

26  noticing the deposition.  That party shall advise the court reporter or videographer,

27  before any testimony is taken, that all documents, information, or testimony

28

[PROPOSED] ORDER

1   designated "HIGHLY CONFIDENTIAL" are and shall remain confidential and shall

2   not be disclosed except as provided in this Protective Order.  The noticing party shall

3   further advise the court reporter and videographer that copies of all transcripts,

4   reporting notes, and all other records of any such testimony must be treated in

5   accordance with this Protective Order, delivered to attorneys of record, or filed under

6   seal with the Court.

7       17.    Any pleading, motion, brief, appendix, or other paper containing

8   HIGHLY CONFIDENTIAL INFORMATION of a Disclosing Party other than the

9   party filing such paper shall be filed under seal.

10           (a)    The paper containing the HIGHLY CONFIDENTIAL

11   INFORMATION shall be filed with the Court pursuant to the Local Rules 79-5.1.

12           (b)    The party filing the paper containing the HIGHLY

13   CONFIDENTIAL INFORMATION may simultaneously (or soon thereafter) file a

14   public version of the paper with the HIGHLY CONFIDENTIAL INFORMATION

15   redacted.

16           (c)    Procedures for handling HIGHLY CONFIDENTIAL

17   INFORMATION to be introduced as evidence at trial of this case shall be determined

18   by further order of the Court.

19       18.    Nothing herein shall restrict a qualified recipient from making working

20   copies, abstracts, digests, and analyses of HIGHLY CONFIDENTIAL

21   INFORMATION for use in connection with this litigation, and such working copies,

22   abstracts, digests, and analyses shall be deemed to have the same level of protection

23   under the terms of this Protective Order.  Further, nothing herein shall restrict a

24   qualified recipient from converting or translating HIGHLY CONFIDENTIAL

25   INFORMATION into machine-readable form for incorporation in a data retrieval

26   system used in connection with this litigation, provided that access to such

27

28

12

[PROPOSED] ORDER

1   information, whatever form stored or reproduced, shall be limited to qualified

2   recipients.

3       19.    Documents or information designated "HIGHLY CONFIDENTIAL"

4   shall be maintained in the custody of counsel for the parties except that: (a) any court

5   reporter who transcribes testimony given in this action may maintain any such

6   designated documents or information for the purpose of rendering his or her normal

7   transcribing services; and (b) partial or complete copies of these documents or

8   information may be retained by persons entitled to access of such documents or

9   information under the terms of this Protective Order to the extent necessary for their

10  study, analysis, and preparation of the case.  A person with custody of documents or

11  information designated "HIGHLY CONFIDENTIAL" shall maintain them in a

12  manner consistent with paragraph 4 of this Protective Order that limits access to those

13  persons entitled under this Protective Order to examine the documents or information

14  so designated.

15      20.    Should any document or information designated as "HIGHLY

16  CONFIDENTIAL" be disclosed, through inadvertence or otherwise, to any person or

17  party not authorized under this Protective Order, then the party responsible for the

18  inadvertent disclosure shall use its best efforts to bind such person to the terms of this

19  Protective Order; and shall (a) promptly inform such person of all the provisions of

20  this Protective Order; (b) request such person to sign the agreement in the form

21  attached hereto as Exhibit A; and (c) identify such person immediately to the

22  Disclosing Party that designated the document or information as confidential.  The

23  executed agreement shall promptly be served upon the party that designated the

24  document or information as confidential.

25      21.    If a party believes that inspection, measuring, testing, sampling, or

26  photographing of that party's processes, products, equipment, premises, or other

27  property pursuant to Fed. R. Civ. P. 34 will reveal or disclose information that is in

28

[PROPOSED] ORDER

PHI 2728497v6 08/16/11

1  good faith deemed HIGHLY CONFIDENTIAL INFORMATION, that party shall

2  advise in advance the party seeking such discovery that the inspection, measuring,

3  testing, sampling, or photographing will be permitted only on a confidential basis, and

4  that the information discovered, and any information derived from that information,

5  shall be treated as HIGHLY CONFIDENTIAL INFORMATION.

6      22.    The terms of this Protective Order shall in no way affect a Disclosing

7  Party's right to (a) withhold documents or information on grounds of immunity from

8  discovery such as, for example, attorney/client privilege or the work-product doctrine,

9  or (b) reveal or disclose to anyone any documents or information designated by that

10  party "HIGHLY CONFIDENTIAL," and containing no information designated by an

11  opposing or third party as "HIGHLY CONFIDENTIAL" under this Order.  Where a

12  Receiving Party designates a document or information as "HIGHLY

13  CONFIDENTIAL" solely because it contains the confidential information of a

14  Disclosing Party (for example, in a pleading or brief), nothing limits the Disclosing

15  Party from showing the designated document or information to anyone; such

16  documents or information will be designated to identify the party whose confidential

17  information is contained therein in addition to the confidentiality designation, for

18  example, "HIGHLY CONFIDENTIAL - CONTAINS ACCENTRA DESIGNATED

19  INFORMATION."

20      23.    The inadvertent production of any privileged or otherwise protected

21  information or material shall not be deemed a waiver or impairment of any claim of

22  privilege or protection, including but not limited to the attorney-client privilege or

23  work-product doctrine, provided that the Disclosing Party immediately notify the

24  Receiving Party in writing when such inadvertent production is discovered.  Upon

25  receiving written notice from the Disclosing Party that privileged information or

26  work-product material has been inadvertently produced, all such information, and all

27  copies thereof, shall be returned to the Disclosing Party.  Furthermore, any analyses,

28

14

PHI 2728497v6 08/16/11

1    memoranda, or notes that were internally generated based upon such inadvertently

2    produced information or material shall immediately be treated in conformance with

3    the protected nature of the information. If the Receiving Party disagrees with the

4    designation of any such information or material as privileged or otherwise protected

5    after conferring with the Disclosing Party in good faith, the Receiving Party may

6    move the Court for a resolution of that dispute.

7         24.    The restrictions and obligations set forth herein relating to documents and

8    information designated "HIGHLY CONFIDENTIAL" shall not apply to any

9    documents or information which the parties agree, or the Court rules, is already public

10   knowledge or which, after disclosure to the Receiving party, becomes public

11   knowledge other than through an act or omission of the Receiving party. Unless

12   counsel agrees otherwise in writing, within sixty (60) days of the final disposition of

13   this action including any appeals, Outside Counsel for the parties shall return

14   promptly to the Disclosing Party all documents and information that have been

15   designated "HIGHLY CONFIDENTIAL" and copies of such documents and

16   information, or certify that Outside Counsel has destroyed same. Notwithstanding the

17   foregoing, Outside Counsel for the parties shall be permitted to retain a file copy of

18   materials created during the course of the litigation, or made part of the record, or

19   which have been filed under seal with the Clerk of the Court, and a copy of all

20   depositions, including exhibits, and deposition evaluations. Such file copies must be

21   maintained under the conditions of HIGHLY CONFIDENTIAL INFORMATION as

22   set out in paragraphs 3-4. At the conclusion of the 60-day period, Outside Counsel for

23   each party shall represent in writing under penalty of perjury that to his or her

24   knowledge and belief the company has either returned or destroyed all confidential

25   documents and information in accordance with this order.

26        25.    In the event any person or Receiving Party having possession, custody, or

27   control of any document or information produced in this action and designated

28

15

---

[PROPOSED] ORDER

1  "HIGHLY CONFIDENTIAL" by a Disclosing Party receives a subpoena or other

2  process or order to produce such document or information, such subpoenaed person or

3  entity shall immediately notify by overnight delivery, facsimile or electronic mail the

4  attorneys of record of the Disclosing Party, shall furnish those attorneys with a copy

5  of said subpoena or other process or order, and shall cooperate with respect to any

6  procedure sought to be pursued by the party whose interest may be affected.  The

7  Disclosing Party asserting the confidential treatment shall have the burden of

8  defending against such subpoena, process, or order. Subject to any reasonable

9  procedure sought to be pursued by the party whose interest may be affected, the

10  person or party receiving the subpoena or other process or order shall be entitled to

11  comply with it except to the extent the Disclosing Party asserting the confidential

12  treatment is successful in obtaining an order modifying or quashing it.

13      26.     The Court retains jurisdiction even after termination of this action to

14  enforce this Protective Order and to make such amendments, modifications, deletions,

15  and additions to this Protective Order as the Court may from time to time deem

16  appropriate.

17      27.     The disclosing parties reserve all rights to apply to the Court at any time,

18  before or after termination of this action, for an order: (i) modifying this Protective

19  Order, (ii) seeking further protection against discovery or use of HIGHLY

20  CONFIDENTIAL INFORMATION, or (iii) seeking further production, discovery,

21  disclosure, or use of claimed HIGHLY CONFIDENTIAL INFORMATION. The fact

22  that a document or information is or is not designated HIGHLY CONFIDENTIAL

23  INFORMATION under this Protective Order shall not be deemed to be determinative

24  of what a trier of fact may determine to be confidential.

25      28.     If the discovery process calls for the production of documents or

26  information that a party does not wish to produce because the party believes its

27  disclosure would breach an express or implied agreement with a non-party to maintain

28

16

[PROPOSED] ORDER

1   such documents or information in confidence, the Disclosing Party shall give written

2   notice to the non-party that its information is subject to discovery in this litigation, and

3   shall provide the non-party with a copy of this Protective Order.  When such written

4   notice is given to the non-party, the Disclosing Party will advise the potential

5   Receiving Party that such notice has been given.  The parties shall cooperate with

6   each other and the nonparty in attempting to resolve any disputes over disclosure and

7   with each other in bringing unresolved disputes before the Court for resolution. If the

8   non-party does not respond to the written notice within 30 business days of sufficient

9   notice, and does not file a motion for a protective order within that time, the

10  Disclosing Party is Ordered to produce any such relevant documents under the

11  designation HIGHLY CONFIDENTIAL.

12          IT IS SO ORDERED.

13

14  Dated:  _8/17_ , 2011

15  Hon. ~~John A. Kronstadt~~ *Charles F. Eick*
    United States ~~District Judge~~ *Magistrate Judge*

16

17

18

19

20

21

22

23

24

25

26

27

28

[PROPOSED] ORDER

PH1 2728497v6 08/16/11

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**EXHIBIT A**

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ACCENTRA, INC. and WORKTOOLS, INC.<br><br>vs.<br><br>ACCO BRANDS CORPORATION, a Delaware corporation; and ACCO BRANDS USA LLC, a Delaware corporation; and DOES 1-10, Inclusive. | Case No. CV-10-01164 DSF (Ex)<br><br>Judge: Hon. John A. Kronstadt |

**UNDERTAKING OF** _____

Name: _____

Address: _____

Present employer: _____

Address of present employer: _____

Present occupation: _____

18

[PROPOSED] ORDER

PH1 2728497v6 08/16/11

1        I hereby acknowledge that I have received and read the Protective Order entered

2  in the United States District Court for the Central District of California (Western

3  Division) on _____ in connection with the above-captioned action, that I

4  understand its terms, and that I agree to be bound by each of those terms. Specifically,

5  and without limitation upon such terms, I agree not to use or disclose any confidential

6  documents or information made available to me other than in accordance with said

7  Order. I further submit to jurisdiction of this Court for purposes of enforcing the

8  Protective Order in this action.

9

10  Dated:_____    By: _____

11

12                                        (Type or print name)

13

14                         Of: _____

15                                   (Name of Employer)

16

17

18

19

20

21

22

23

24

25

26

27

28

19

[PROPOSED] ORDER

PH1 2728497v6 08/16/11